## Moses Taylor Hospital Inc. v.
## Chamberlin & Reinheimer Insurers Inc.

*Joseph A. Quinn Jr., Timothy G. Lenahan* and *Michael P. Perry,* for plaintiff.

*William J. Schmidt,* for defendant Chamberlin and Reinheimer.

*Edward S. Neyhart,* for defendant Arthur J. Gallagher & Co. of New Jersey.

*Stephen G. Rhodes,* for defendant Lexington Insurance Co.

MINORA, *J.,* September 5, 2007—Currently before the court is defendant, Lexington Insurance's motion for protective order and plaintiff's reply in opposition thereto. The matter has been thoroughly briefed and is ripe for disposition.

This matter arises out of a plaintiff/assignees' attempts to compel defendant Lexington Insurance to produce various personnel files of its authorized claim representatives. In response, Lexington sought a protective order under Pa.R.C.P. 4011 and 4012 which is the subject of their memorandum.

Specifically, plaintiff/assignees sought from Lexington at request for production of documents no. 13 the "personnel file of any employee, agent or representative involved in the handling, investigation, denial and/or review of Moses Taylor Hospital's request for coverage relating to claimant Donna Kapacs under the policy."

In response to plaintiff/assignees' motion to compel, Lexington objected to the information sought as overly broad and unduly burdensome in that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Movant plaintiff/assignees then moved to compel production of documents. Lexington filed a brief in opposition and a motion for protective order to which plaintiff/assignees objected. This memorandum will grant plaintiff/assignees' motion to compel Lexington, but with some restrictions.

Lexington has cited Pa.R.C.P. 4011 and 4012 in support of their position because, they argue, a heightened standard of relevance applies to the production of personnel files. In support of this, Lexington cites no Pennsylvania cases and two cases of the United States District Court for the Eastern District of Pennsylvania.

Despite this lack of persuasive authority, Lexington seeks to protect the entire file of those employees involved in the Kapacs claim. This request of Lexington we decline. It is easy for this court to imagine how information in these files could lead to discoverable evidence. For example, if the compensation scheme as revealed in these personnel files created an incentive to deny claims, this could lead to relevant and admissible evidence.

Additionally, there are other possible theories that can possibly arise out of information contained in these personnel files that can be later deemed relevant and admissible.

Perhaps most importantly, however, these files are not subject to any special all-encompassing blanket privacy or privilege known to this court. For that reason, a blanket refusal to divulge the entire file as is represented by Lexington's position in this matter is unreasonable, unsupportable and indefensible.

Having said that, however, we are mindful of select information contained in such a file that does not need to be divulged and in this age of identity theft and health privacy ought to be accorded limited protections by this court.

Accordingly, while we shall grant plaintiff's motion to compel production of the personnel file related to any and all employees involved in the review of the Kapacs claim, we shall also compel certain redactions and deletions.

First, there is no need for personal information contained in the file to be divulged. By personal information, we mean home addresses, and Social Security numbers. This information shall be deleted and redacted.

Second, any medical history information unrelated to job performance shall be deleted and redacted.

Third, any personal and embarrassing information unrelated to job performance and in the nature of, but not limited to, sexual activity and sexual or martial misconduct shall also be deleted and redacted.

Fourth, any banking and/or direct deposit information shall be deleted. These restrictions are issued under the authority of Pa.R.C.P. 4012 which requires good cause be shown in order to restrict discovery. This court is

persuaded and convinced that good cause is present in this case and perhaps in almost every case to delete this above referenced information from discovery. The information deleted and redacted can hardly lead to relevant and admissible evidence. Concerns regarding identity theft and medical privacy and privacy in an individual's personal and intimate lives mandate such a conclusion. Also, any direct deposit information is likely to contain Social Security numbers and financial institution and account number information totally unrelated to this litigation.

Accordingly and with the above restrictions in mind an appropriate order follows.

## ORDER

And now to wit, September 5, 2007 upon review of plaintiff/assignees' motion to compel production of documents no. 13 involving review of certain personnel files of Lexington personnel involved in the review of the Kapacs claim, it is hereby ordered and decreed that the request is granted with the following restrictions:

(1) All references to employees home addresses and Social Security numbers shall be deleted and/or redacted;

(2) Any medical history information unrelated to job performance shall be deleted and/or redacted;

(3) Any personal or embarrassing information not related to job performance in the nature of, but not limited to, sexual and/or sexual or martial misconduct shall be deleted and/or redacted;

(4) Any banking or direct deposit information shall be deleted and/or redacted.

In all other respects, the complete files shall be divulged by Lexington to plaintiff/assignees within 10 days of the date of this order.